1.

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 19 2026
ATLANTA, GA

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ROBERT RIVERNIDER, Petitioner-Appellant,
v.
WARDEN, FEDERAL DETENTION CENTER MIAMI, Respondent-Appellee.

Appeal No. 26-12370-A
On appeal from S.D. Fla. No. 1:26-cv-22376-DMM

# RENEWED EMERGENCY MOTION FOR PROMPT RULING ON PENDING IN FORMA PAUPERIS MOTION, CLARIFICATION OF BRIEFING DEADLINE, AND EXPEDITED HABEAS REVIEW

Petitioner-Appellant Robert Rivernider, proceeding pro se, respectfully requests an expedited procedural order under Federal Rules of Appellate Procedure 2, 27, and 31 and Eleventh Circuit Rule 31-1. The Court should resolve his pending application to proceed in forma pauperis (IFP), clarify whether briefing is postponed, and set a prompt deadline for Respondent-Appellee's merits brief. This motion renews the relief sought in the motion to expedite docketed September 17, 2026 (Doc. 16), in light of the disposition of the related appeal.

## I. PROCEDURAL STATUS

1. This habeas appeal was docketed July 6, 2026. The district court denied IFP status on July 16, 2026 (App. Doc. 4). Appellant moved in this Court to proceed IFP and sought related relief on July 27, 2026 (App. Doc. 5). His prisoner financial statement was docketed August 13, 2026 (App. Doc. 8). The docket furnished to Appellant continues to list "IFP Pending."

2. Appellant filed his opening merits brief on August 17, 2026 (App. Doc. 10; entered August 19). He also sought expedited consideration (App. Docs. 12 and 16). No appellee merits brief appears in the docket entries supplied through September 17, 2026.

3. Appellant moved to consolidate this appeal with No. 26-12875 (App. Doc. 14). But No. 26-12875 was dismissed September 9, 2026, for failure to prosecute based on its separate fee/IFP deficiency. On September 14, the Clerk stated that no action would be taken on consolidation because No. 26-12875 was closed (App. Doc. 15). Accordingly, Appellant does not request consolidation and asks that the closed related appeal not delay briefing here.

## II. AN IMMEDIATE PROCEDURAL ORDER IS WARRANTED

4. Eleventh Circuit Rule 31-1(b) identifies pending IFP matters as grounds for postponing briefing. Thus, Appellant does not assert that the Government is automatically in default merely because its brief has not appeared. Rather, the unresolved IFP matter should be decided promptly, and the Court should specify the event triggering the appellee's deadline.

5. The appeal challenges the Bureau of Prisons' execution and computation of Appellant's imprisonment, including the treatment of revocation imprisonment, good-conduct time, First Step Act time credits, and

prerelease consequences. The district court dismissed on exhaustion grounds without adjudicating those computation issues. Continued delay may impair the practical value of habeas review because the time in custody cannot be restored.

6. Under Federal Rule of Appellate Procedure 2, the Court may expedite proceedings for good cause, subject to Rule 26(b). Rule 31(a)(2) permits the Court to shorten briefing time by order. Appellant asks for a seven-day appellee deadline after disposition of IFP or, alternatively, the shortest practicable deadline set by the Court. This request is for orderly merits review, not default judgment.

**III. RELIEF REQUESTED**

Appellant respectfully requests that the Court: (a) promptly rule on App. Doc. 5 insofar as it seeks IFP status, or issue a short order specifying any remaining deficiency; (b) confirm that App. Doc. 15 ended the consolidation issue and that No. 26-12875 does not postpone briefing in this appeal; (c) clarify whether Rule 31-1 currently postpones the appellee's brief and specify its operative deadline; (d) direct Respondent-Appellee to file a merits brief within seven days after resolution of any remaining postponement, or within such abbreviated period as the Court determines appropriate; (e) expedite consideration of this habeas appeal and Appellant's previously filed time-sensitive motions; and (f) grant other appropriate procedural relief.

Dated: October 14, 2026

Respectfully submitted,

______________________________

Robert Rivernider, Pro Se
Register No. 96006-004
FCI Beckley – Inmate Legal Mail
P.O. Box 350
Beaver, WV 25813

**CERTIFICATE OF SERVICE**

I certify that on 10-14-2026, 2026, a true and correct copy of this motion was served by Mail upon George E. Doty III, Assistant United States Attorney, United States Attorney's Office, Southern District of Florida, 99 NE 4th Street, Miami, FL 33132, or upon counsel through a method authorized by the Court. The date and method above must be completed to reflect actual service.

______________________________

Robert Rivernider, Appellant

UNITED STATES POSTAL SERVICE. Click-N-Ship®

G

usps.com
$7.86
US POSTAGE

9400 1301 0935 5784 8668 72 0078 6000 0003 0303

U.S. POSTAGE PAID

10/06/2026
0 lb 1 oz

Mailed from 34785 271012812526522

**USPS GROUND ADVANTAGE™**

Created 2026-10-06

ROBERT RIVERNIDER
14 S BOBWHITE RD
WILDWOOD FL 34785-9011

RDC 01

C007

US APPEALS CT - 11TH CIRCUIT
CLERK OF THE COURT
56 FORSYTH ST NW RM 202
ATLANTA GA 30303-2218

**USPS TRACKING #**

**9400 1301 0935 5784 8668 72**

LEGAL MAIL
CASE No 25-14369-JJ

CLEARED SECURITY

OCT 19 2026

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)